# Morgan Lewis

**Sean P. Lynch**
Of Counsel
+1.609.919.6611
sean.lynch@morganlewis.com

**MEMO ENDORSED**

February 12, 2021

**VIA ECF**

Hon Sidney H. Stein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Walfish v. Northwestern Mutual et al., No. 1:16-cv-05534

Dear Judge Stein:

This firm represents Defendants Northwestern Mutual Life Insurance Company and Matthew Holleran (collectively, "Defendants") in the above-referenced action. We write, with the consent of Plaintiff and pursuant to Your Honor's Individual Practices and the Southern District of New York Sealed Records Filing Instructions on the Court's website, to seek leave to file under seal certain briefing and accompanying exhibits in support of Defendants' Motion In Limine to exclude the expert report and preclude the testimony of Steven J. Shapiro, Ph.D., which is being filed today, February 12, 2021.

In support of Defendants' motion, we will be submitting to the Court certain documents that contain "sensitive information," as defined by the Electronic Case Filing Rules & Instructions for this District, and/or which have been designated as "Confidential," pursuant to the Discovery Confidentiality Order that was entered in the related case, Walfish et al. v. Northwestern Mutual Life Insurance Company, et al, D.N.J. 16-cv-4981 (WJM) (MF), but which the parties have agreed governs documents produced in this and the related case. A copy of the Discovery Confidentiality Order is enclosed. The documents at issue include excerpts of deposition transcripts and expert reports which contain Plaintiff's compensation information, as well as sensitive information of Northwestern clients not a party to this action, relating to certain insurance policies and values.

==In light of the sensitive and confidential nature of the materials at issue, Defendants respectfully request that the Court grant them leave to file these exhibits and any corresponding portions of Defendants' brief referencing the confidential information under seal in accordance with the applicable Local Rules.==

**Morgan, Lewis & Bockius LLP**

502 Carnegie Center
Princeton, NJ  08540-6241          T +1.609.919.6600
United States                                F +1.609.919.6701

A Pennsylvania Limited Liability Partnership | Steven M. Cohen, Partner-in-Charge

Hon Sidney H. Stein, U.S.D.J.
February 12, 2021
Page 2

We thank the Court for its consideration of this request.

Respectfully submitted,


/s/ Sean P. Lynch
Sean P. Lynch

cc: All counsel of record

## Defendants' request granted.

Dated:   New York, New York
         February 16, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED WALFISH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY and NORTHWESTERN MUTUAL INVESTMENT SERVICES, LLC,<br><br>Defendants. | No: 16-cv-4981 (WJM) (MF)<br><br>DISCOVERY CONFIDENTIALITY ORDER<br><br>*Document Electronically Filed* |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is **ORDERED** as follows:

1. Any party to this litigation shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (hereinafter "Confidential"). Any confidential designation which is inadvertently omitted subsequent to the entry of this Order

may be corrected by written notification to opposing counsel. Following such designation, the producing party shall reproduce the documents, stamping them as "Confidential."

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action or in the prosecution or defense of a related action between the parties captioned *Fred Walfish v. Northwestern Mut. Life Ins. Co. et al.*, No. 7:16-cv-05534, pending before the United States District Court for the Southern District of New York, subject to a confidentiality order entered by the court in the foregoing action that shall provide at least as equal protection for Confidential materials as provided by this Order. Other than the foregoing, material designated CONFIDENTIAL under this Order shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. Except as otherwise provided in this Discovery Confidentiality Order, materials designated as Confidential may be examined only by the following persons:

(a) The Parties; In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit, or actually engaged in assisting in the preparation of this action for hearing or other proceeding herein and who have been advised of their obligation hereunder.

(b) The Parties' respective counsel (herein defined as any attorney at the parties' outside law firms and relevant in-house counsel for the parties) and

2

employees of the Parties' counsel who are acting under the direction and control of such counsel and who are assisting such counsel in this action;

(c) Outside experts and consultants retained by counsel in connection with the instant action, so long as they sign the Agreement to be Bound by the Discovery Confidentiality Order, which is attached hereto as Exhibit A, record of which shall be maintained by the attorney retaining such expert or consultant;

(d) Deponents or witnesses may be shown or examined on any information document or thing designated as CONFIDENTIAL if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure. Such deponent or witness shall further sign the Agreement to be Bound by the Discovery Confidentiality Order, which is attached hereto as Exhibit A, record of which shall be maintained by the attorney propounding such testimony;

(e) Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(f) Any mediator mutually agreed to by the Parties;

(g) Magistrate judges, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency; and

(h) any other person agreed to by the parties.

3

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. Except as otherwise agreed by the Parties, the testimony of any witness deposed on oral examination that involves a disclosure of Confidential material of a party to this action shall be deemed Confidential for a period of fifteen (30) calendar days after receipt by counsel of the transcript of the deposition. If a party believes that the deposition transcript or a portion thereof should be designated as Confidential, counsel shall state such designation on the record at the time of testimony, or designate the pages and line numbers of the transcript constituting Confidential materials in writing to opposing counsel within the thirty-day period. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 1-4. Subject to Paragraphs 3(c) & (d), no party or counsel shall be found to be in breach of this agreement for using Confidential materials as exhibits at a deposition or otherwise presenting Confidential materials to a deposition witness so long as the provisions of this Order are followed.

6. Acknowledging that "Confidential" material produced in the related action between the parties captioned *Fred Walfish v. Northwestern Mut. Life Ins. Co. et al.*, No. 7:16-cv-05534, pending before the United States District Court for the Southern District of New York, may have relevance to this case, counsel for the parties in this case may use copies of all information and documents designated as Confidential in the foregoing action pending before

the United States District Court for the Southern District of New York, and such documents shall be subject to the same protections afforded "Confidential" materials under this Order.

7. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) The parties shall first try and resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall serve the designating party with written objections, which describe with particularity the document or information in dispute and state the specific grounds for the objection to the designation. Counsel for the designating party shall have fourteen (14) days from service of the written objection to respond in writing. If no timely written response is made to the objection, counsel for the objecting party shall notify counsel for the designating party in writing and if no written response is made within two (2) business days of such notification, the challenged designation will be deemed void. If the designating party's responds to the objection, Counsel shall then meet and confer in good faith in an effort to resolve the dispute by agreement. If the dispute cannot be resolved by agreement, the proponent of the designation being challenged shall initiate a Rule 37.1(a) conference with the Magistrate Judge as required under the Local Civil Rules before seeking an Order from the Court through formal motion to overrule the objections and preserve the "Confidential" status of the material. Consistent with the provisions of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rules

        5.3 and 37.1(a), the designated material in dispute shall continue to be treated as "Confidential" until the objection response period has run, or if a Rule 37.1(a) conference with the Magistrate Judge and formal proceedings are commenced to seek an order, until the Court orders otherwise.

    (b)    In complying with Local Civil Rule 37.1(a)(1), and with the Court's prior permission, the proponent of the "Confidential" or "Attorneys' Eyes Only" designation that is the subject of the dispute may submit the document or information to Chambers for in camera review as may be necessary and appropriate to preserve confidentiality. Compliance with such procedures under the Local Civil Rules of this District or judicial preferences of the Judges of this Court shall not be deemed a waiver of any rights afford to designating party's rights under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable federal or state laws.

8.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing all counsel for parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order, and upon being informed that

6

these material are to be designated as Confidential, all parties shall immediately cause each copy of the such discovery material in its custody or control to be appropriately marked as CONFIDENTIAL.

9. The producing party may waive the confidentiality provisions of this Discovery Confidentiality Order as to any materials designated as Confidential or any portion thereof only by explicit written waiver. Such waiver shall not result in a waiver of the Confidential status of any other materials deemed Confidential pursuant to this Discovery Confidentiality Order. Use of materials acquired through independent search or investigation (other than discovery from the Parties to this action of the related action between the parties pending in the Southern District of New York) or which is in the public domain shall not be restricted by the terms of this Discovery Confidentiality Order.

10. Confidential materials may be filed under seal only after entry of a separate Order of the Court approving the sealing of the specific materials. All requests to seal Confidential documents filed with the court shall comply with Local Civil Rule 5.3.

11. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court. Nothing in this Order constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case. The use of Confidential material as evidence at trial shall be subject to providing the producing party the opportunity to seek appropriate safeguards concerning Confidential material as evidence during trial, and is specifically reserved for action by the Court or later agreement by the parties at or before trial.

12. When the inadvertent or mistaken disclosure of any information, document or

Case 2:16-cv-05534-SHS Document 141 Filed 02/26/21 Page 10 of 14
Case 2:16-cv-05534-SHS Document 141 Filed 02/26/21 Page 10 of 14
Case 2:16-cv-04981-WJM-MF   Document 21-1   Filed 01/13/17   Page 8 of 12 PageID: 98

thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent of mistaken disclosure.

13. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

14. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15. Upon final conclusion of this litigation, each Party and any other individual subject to the terms hereof shall be under an obligation to destroy or caused to be destroyed and provide a certification of destruction, all originals and copies of information or documents containing "Confidential" material as well as excerpts, summaries, notes, digests, other papers, and any other medium containing, summarizing, excerpting or otherwise embodying any such material; provided, however, that outside counsel of record for the Parties may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes, and may retain attorney work product, including one copy of such material as well as

Case 2:16-cv-05734-SHS Document 141 Filed 02/26/21 Page 11 of 14
Case 2:16-cv-05734-SHS Document 141 Filed 02/26/21 Page 11 of 14
Case 2:16-cv-04981-WJM-MF Document 21-1 Filed 01/13/17 Page 9 of 12 PageID: 99

additional electronic copies resulting from the routine, good-faith operation of each law firm's electronic information system, and outside counsel of record shall have no obligation to delete individual emails or electronic documents containing portions of "Confidential" material that were created in the ordinary course of representing its respective clients, i.e. attorney work product. To the extent a Party requests the return of "Confidential" material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

16. Pending court approval of this Order, the Parties hereby stipulate and agree to abide by all of the foregoing terms, as if it had been approved by the Court.

Signed this 17 day of January, 2017.

**STIPULATED, AGREED AND CONSENTED TO BY:**

**JOSEPH & KIRSCHENBAUM LLP**

/s/ Lucas C. Buzzard
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004

lucas@jk-llp.com

*Attorneys for Plaintiff*
*Fred Walfish*

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ Primitivo J. Cruz
Terry D. Johnson
Primitivo J. Cruz
502 Carnegie Center
Princeton, NJ 08540
609-919-6600
terry.johnson@morganlewis.com
primitivo.cruz@morganlewis.com

and

Christopher A. Parlo (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
212-309-6062
christopher.parlo@morganlewis.com

*Attorneys for Defendants*
*Northwestern Mutual Life Insurance Co. and*
*Northwestern Mutual Investment Services, LLC*

9

It is so **ORDERED**.

*Mark Falk, U.S.M.J.*

DATED: January 17, 2017

10

# EXHIBIT A

Case 2:16-cv-04981-WJM-MF Case 2:16-cv-05345-SDW-SCM Document 21-1 Document 14-1 Filed 01/13/17 Filed 07/28/16 Page 12 Page 14 of 12 of 14 PageID: 102 PageID: 114

Case 2:16-cv-04981-WJM-MF Document 21-1 Filed 01/13/17 Page 12 of 12 PageID: 102

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED WALFISH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY and NORTHWESTERN MUTUAL INVESTMENT SERVICES, LLC,<br><br>Defendants. | No: 16-cv-4981 (WJM) (MF)<br><br>DISCOVERY CONFIDENTIALITY ORDER<br><br>*Document Electronically Filed* |

AGREEMENT TO BE BOUND BY
DISCOVERY CONFIDENTIALITY ORDER

I, _____ being duly sworn, state that:

1. My address is _____.

2. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

3. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

4. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

5. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                                    [Signature]